UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR-04-45-B-W |
| ) | |
| BRIAN GRANT, ) | |
| ) | |
| Defendant. ) | |

### PRESENTENCE ORDER

This Court concludes there is no Sixth Amendment Confrontation Clause right to cross-examine witnesses at sentencing proceedings, and to receive the benefit of the safety valve, a defendant must make truthful and complete disclosure of all information and evidence he has concerning the offenses of conviction prior to the time the sentencing hearing begins.

### I. STATEMENT OF FACTS

On October 12, 2005, Defendant Brian Grant pleaded guilty to one count of conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846 and one count of possession with intent to manufacture and distribute marijuana in violation of 21 U.S.C. § 841(a)(1). In its Presentence Investigation Report (PSR), the Probation Office (Probation) calculated a base offense level of 22 because the offense involved 75.28 kilograms of marijuana. *PSR* ¶ 13; U.S.S.G. § 2D1.1(c)(9). Probation recommended a two level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of firearms. It also recommended denial of the "safety-valve"[1] reduction because of the

---

[1] Congress enacted the safety valve provision, 18 U.S.C. § 3553(f), to "mitigate the harsh effect of mandatory minimum sentences on certain first offenders who played supporting roles in drug-trafficking schemes." *United States v. Ortiz-Santiago*, 211 F.3d 146, 150 (1st Cir. 2000) (citing *United States v. Miranda-Santiago*, 96 F.3d 517, 527 & n.22 (1st Cir. 1996)). The Sentencing Commission incorporated the statutory text into the Sentencing Guidelines. *Id.*; *see* U.S.S.G. § 5C1.2. "When applicable, these

firearms[2] and because Mr. Grant had failed to truthfully provide all information and evidence he has concerning the drug-related offenses. *PSR* ¶¶ 14-15; U.S.S.G. §§ 2D1.1(b)(7), 5C1.2(a)(2), (5).

On June 27, 2006, this Court held a sentencing hearing at which it received evidence on Mr. Grant's eligibility for the safety valve. Acknowledging his burden under *United States v. Montanez*, 82 F.3d 520, 523 (1st Cir. 1996) and its progeny to demonstrate his entitlement to the safety valve reduction, the Defendant sought to establish that he had made a "truthful and complete disclosure." *United States v. Matos*, 328 F.3d 34, 38 (1st Cir. 2003) ("nothing short of truthful and complete disclosure will suffice"). The Defendant took the stand and testified at length to his efforts at disclosure. Although he admitted that he had been incomplete and untruthful in two proffers, he insisted that he had come clean the third time.

---

provisions mandate both reduction of the defendant's offense level and judicial disregard of statutes imposing mandatory minimum sentences." *Ortiz-Santiago*, 211 F.3d at 150.

Eligibility for the safety valve requires the defendant to satisfy five criteria:
(1) the defendant does not have more than 1 criminal history point . . .;
(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon . . . in connection with the offense;
(3) the offense did not result in death or serious bodily injury to any person;
(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense . . . and was not engaged in a continuing criminal enterprise . . .; and
(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . .

18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a).

Mr. Grant meets the first, third and fourth criteria of the safety valve provision. At issue is (1) whether he possessed firearms "in connection with" the offenses of conviction; and (2) whether, "not later than the time of the sentencing hearing" he provided the Government with "all information and evidence [he] has concerning the . . . offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(2), (5); U.S.S.G. § 5C1.2(a)(2), (5).

[2] Law enforcement authorities discovered the firearms in a safe at Mr. Grant's residence. *PSR* ¶ 4. Although none of the marijuana which forms the basis of Mr. Grant's offenses was found at his home, Probation determined that other evidence recovered from the residence mandated a conclusion that the firearms were possessed "in connection with" the offenses for purposes of 18 U.S.C. § 3553(f)(2) and U.S.S.G. § 5C1.2(a)(2). *PSR* ¶¶ 4, 15.

Cognizant of its potential obligation under *United States v. Miranda-Santiago*, 96 F.3d 517, 529 (1st Cir. 1996) to do more than rest solely on its lack of confidence in the proffer, the Government questioned whether Mr. Grant had been fully and completely truthful. The Government explained that during Mr. Grant's proffers it had independently corroborated information, some from confidential informants, by which it measured the completeness and truthfulness of his information and, by that measure, Mr. Grant had not been complete and truthful. It also contended that some of the information Mr. Grant had revealed at the sentencing hearing itself was new and should have been disclosed earlier.

At this point, the Defendant raised two questions of law: 1) whether he had the right to subpoena and cross-examine the confidential informants upon whom the Government was relying; and, 2) whether, assuming his earlier proffers failed, his testimony at the sentencing hearing itself could meet the fifth criterion. The first question was whether under *Crawford v. Washington*, 541 U.S. 36 (2004) the Confrontation Clause applied at a sentencing hearing and the second question addressed when the disclosure must be made. This Court continued the hearing to give the parties an opportunity to brief the issues.

## II. DISCUSSION

### A. Application of the Confrontation Clause at Sentencing

In *United States v. Luciano*, 414 F.3d 174 (1st Cir. 2005), the First Circuit resolved whether a defendant enjoys the Sixth Amendment Confrontation Clause right to cross-examine witnesses at a sentencing proceeding. In *Luciano*, the First Circuit noted that "[b]y its own terms, *Crawford* does not address whether the Sixth Amendment right

3

to confront witnesses applies at sentencing." 414 F.3d at 179. However, *Luciano* concluded that "Nothing in *Crawford* requires us to alter our previous conclusion that there is no Sixth Amendment Confrontation Clause right at sentencing." *Id.*; *see United States v. Rodriguez*, 336 F.3d 67, 71 (1st Cir. 2003) ("'[A] defendant's Sixth Amendment right to confront the witnesses against him does not attach during the sentencing phase . . . .'") (quoting *United States v. Tardiff*, 969 F.2d 1283, 1287 (1st Cir. 1992) (collecting cases)).[3] Consistent with *Luciano*, Mr. Grant does not have a Sixth Amendment right to cross-examine witnesses at his sentencing hearing.

### B. Disclosure and the Safety Valve

To establish "safety valve" eligibility under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2, "not later than the time of the sentencing hearing," the defendant must "truthfully provide[ ] . . . to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." 18 U.S.C. § 3553(f)(5); U.S.S.G. § 5C1.2(a)(5). Mr. Grant focused his challenge on *when* a defendant's proffer must be made. At the June 27, 2006 sentencing hearing, Mr. Grant argued that he could meet this requirement at the sentencing hearing itself; the Government, in its memorandum, takes the position that it must be met before sentencing.[4] *See Gov. Sentencing Mem.* (Docket # 71) at 2-3.

The First Circuit has interpreted "not later than the time of the sentencing hearing" as meaning that the "deadline for making truthful and complete disclosure is the moment that the sentencing hearing starts." *Matos*, 328 F.3d at 39 (citations omitted);

---

[3] *Luciano* also held that "nothing in *Blakely* [*v. Washington*, 542 U.S. 296 (2004)] or [*United States v.*] *Booker* [, 543 U.S. 220 (2005)] necessitates a change in the majority view that there is no Sixth Amendment right to confront witnesses during . . . sentencing . . . ." 414 F.3d at 179.

[4] In its sentencing memorandum, the Government contends that even now Mr. Grant had not been entirely forthcoming. *See Gov. Sentencing Mem.* (Docket # 71) at 4.

*see also United States v. Martinez*, 88 F. App'x 425, 427 (1st Cir. 2004) (per curiam).[5]

*Matos* noted:

> This is a sensible – and wholly proper – reading of the statute. In the first place, section 3553(f)(5) requires disclosure to the government, not the court. In the second place, we have noted that Congress "aimed its [safety valve] leniency at . . . defendants who did their best to *cooperate* to the extent of making full disclosure." To engage in carefully guarded comments during a debriefing and then attempt to recoup lost ground after commencement of the sentencing hearing is manipulation, not cooperation.

328 F.3d at 39 (citations omitted). In accordance with *Matos*, this Court will consider only the Defendant's disclosures prior to the sentencing hearing in evaluating whether he is entitled to the safety valve reduction under 18 U.S.C. § 3553(f)(5) and U.S.S.G. § 5C1.2(a)(5).

## III. CONCLUSION

This Court concludes there is no Sixth Amendment Confrontation Clause right to cross-examine witnesses at sentencing proceedings, and to receive the benefit of the safety valve, a defendant must make truthful and complete disclosure prior to the time the sentencing hearing begins.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 25th day of August, 2006

---

[5] Most circuit courts have reached the same conclusion. *See, e.g., United States v. Alvarado*, 326 F.3d 857, 860-62 (7th Cir. 2003); *United States v. Brenes*, 250 F.3d 290, 293 (5th Cir. 2001); *United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000); *United States v. Schreiber*, 191 F.3d 103, 108-09 (2d Cir. 1999); *United States v. Tournier*, 171 F.3d 645, 648 (8th Cir. 1999); *United States v. Marin*, 144 F.3d 1085, 1091-92 (7th Cir. 1998); *United States v. Long*, 77 F.3d 1060, 1062 (8th Cir. 1996) (per curiam); *see also United States v. Gama-Bastidas*, 142 F.3d 1233, 1243 n.14 (10th Cir. 1998) (declining to decide "whether a proffer of information occurring 'at' or 'during' a sentencing hearing is timely under [U.S.S.G.] § 5C1.2[(a)](5)."). The two circuit court cases to the contrary are factually distinguishable from Mr. Grant's case. *See United States v. Garcia*, 405 F.3d 1260, 1274-75 (11th Cir. 2005); *United States v. Madrigal*, 327 F.3d 738, 744-48 (8th Cir. 2003).